IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE G. ROSS,<br><br>        Plaintiff,<br>   v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner, Social Security Administration<br><br>        Defendant | No. C 05-4870 MMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT** |

   Plaintiff Bruce G. Ross brings the above-entitled action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security, denying his application for disability benefits under the Social Security Act.  Before the Court are plaintiff's motion for summary judgment and the Commissioner's cross-motion for summary judgment.  Pursuant to Civil Local Rule 16-5, the motions have been submitted on the papers without oral argument.  Having considered the parties' submissions, the Court rules as follows.

**BACKGROUND**

   On August 24, 1995, plaintiff filed an application for disability benefits, which was "denied initially on March 14, 1996 and dismissed at the hearing level on March 13, 1997 without further pursuit of [plaintiff's] administrative remedies."  (See Certified Transcript of

Administrative Proceedings ("Tr.") at 14.)

On June 6, 2001, plaintiff filed a second application for disability benefits, alleging therein that he has been disabled as of June 1, 1994; the second application was denied by the Social Security Administration, both initially and on reconsideration. (See id.) Plaintiff, through counsel, requested a hearing before an Administrative Law Judge ("ALJ"), (see Tr. at 84), which the ALJ conducted on July 1, 2002.

On January 29, 2003, the ALJ issued a Notice of Decision, analyzing plaintiff's application under the five-step sequential evaluation process set forth in the Code of Federal Regulations. (See Tr. at 11-21.)[1] The ALJ determined that plaintiff retains the "residual functional capacity for sedentary work with a sit/stand option and occasional climbing of stairs/ramps, balancing, and stooping," (see Tr. at 17), and that "jobs exist in significant numbers in the national and regional economies that the claimant can perform," (see Tr. at 19). Accordingly, the ALJ denied plaintiff's application at the fifth sequential step. Plaintiff next requested that the Appeals Council review the ALJ's decision, and offered additional evidence in connection therewith. (See Tr. at 9-10.) On April 18, 2003, the Appeals Council, having considered the ALJ's decision and plaintiff's additional evidence, declined to review the decision. (See Tr. at 5-6.)

Plaintiff thereafter filed in district court a civil action for judicial review. By order filed May 21, 2004, this Court rejected plaintiff's arguments that the ALJ and/or Appeals Council

---

[1] "The Commissioner follows a five-step sequential evaluation process in assessing whether a claimant is disabled.
Step one: Is the claimant engaging in a substantial gainful activity? If so, the claimant is found not disabled, if not, proceed to step two.
Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not proceed to step five.
Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled."
McCartey v. Massanari, 298 F.3d 1072, 1074 n.6 (9th Cir. 2002) (citing 20 C.F.R. 404.1520).

1 had erred by (1) failing to reopen the 1995 application, (2) failing, at Step 2, to find that
2 plaintiff had a severe mental impairment, and (3) failing, at Step 3, to call a psychiatric
3 medical expert as a witness.  This Court remanded the matter, however, for further
4 proceedings pertaining solely to Step 5, specifically, "for the ALJ to determine at Step 5
5 whether there exists a legal basis, supported by evidence in the record, to disregard the
6 opinion of [Linette Martinez, M.D.] as to plaintiff's anticipated work absences."  (See Tr. at
7 229.)

8        On June 10, 2004, the Appeals Council, in light of this Court's order, directed the
9 ALJ to "offer [plaintiff] the opportunity for a hearing, take any further action needed to
10 complete the administrative record and issue a new decision."  (See Tr. 243.)  On June 8,
11 2005, the ALJ conducted a hearing.  On September 28, 2005, the ALJ issued a decision
12 denying plaintiff's application for benefits, setting forth therein the reasons why he had not
13 accepted the opinion of plaintiff's treating physician, Linette Martinez, M.D. ("Dr. Martinez"),
14 as to plaintiff's anticipated work absences, (see Tr. 208), and again found, at Step 5, that
15 plaintiff "remains able to perform a significant number of jobs existing in the national
16 economy."  (See Tr. at 200.)  Plaintiff thereafter filed the instant action for judicial review.

17 **DISCUSSION**

18        As noted, this Court remanded the instant matter solely for consideration of one
19 issue relevant to Step Five, specifically, for the ALJ to state why he had rejected the
20 opinion of Dr. Martinez pertaining to plaintiff's anticipated work absences.  On remand, the
21 ALJ has set forth specific reasons for his having rejected Dr. Martinez's opinion as to
22 plaintiff's anticipated work absences.  (See Tr. 208.)  Plaintiff has not, either in his motion
23 for summary judgment or in his opposition to defendant's cross-motion for summary
24 judgment, argued that the reasons stated by the ALJ on remand are insufficient.  Under
25 such circumstances, and given that the sole deficiency in the ALJ's prior decision was the
26 omission of those reasons, it would appear that plaintiff is not entitled to any further relief
27 and that defendant is entitled to summary judgment.

28        Nevertheless, in light of the fact that the ALJ made additional findings in his decision

1 on remand, the Court next considers plaintiff's arguments that such additional findings were
2 erroneous.[2]

3      First, plaintiff argues the ALJ erred by, again, declining to reopen plaintiff's 1995
4 application and by, again, finding plaintiff does not have a severe mental impairment.  As
5 the ALJ pointed out, this Court already found, in 2004, plaintiff had failed to offer sufficient
6 evidence to establish good cause existed to reopen the1995 application or to establish that
7 plaintiff has a severe mental impairment.  (See Tr. at 232-234.)  The ALJ also observed
8 that although plaintiff, on remand, submitted over 500 pages of additional medical records,
9 plaintiff failed to "explain[ ] the relevance of the[ ] voluminous (and old) records, either to
10 the instant claim [for benefits] or to the issue of reopening a prior claim."  (See Tr. at 199.)
11 In any event, plaintiff has failed to identify any reason why the newly-offered evidence could
12 not, in the exercise of reasonable diligence, have been offered during the first proceeding
13 before the ALJ.  Further, as discussed above, the instant matter was remanded for a
14 limited purpose, and plaintiff has failed to explain the basis for his implicit position that this
15 Court's order of remand and/or the Appeals Council's order following the remand entitled
16 plaintiff to reconsideration of all issues, and in particular, those decided against him on
17 appeal.[3]  Under such circumstances, and for the reasons stated by the ALJ, the Court finds
18 no error in the ALJ's adherence to his prior findings (1) that plaintiff has failed to show good
19 cause existed to reopen the 1995 application,[4] and (2) that plaintiff has failed to show he
20 has a severe mental impairment.

---

22     [2]Defendant has not argued such additional findings are surplusage or otherwise of
23 no consequence.

24     [3]Plaintiff did not appeal this Court's 2004 order, which in large part was adverse to
him, apparently being satisfied with a remand for the limited purpose set forth in such
25 order.

26     [4]In his motion, plaintiff states he has a "general claim of bias" with respect to the ALJ
who denied his 1995 application.  (See Pl.'s Mot. at 25:7-8.)  The only cause of action
27 alleged in the instant complaint is a claim for judicial review of the Commissioner's final
decision denying plaintiff's application for benefits.  Given that plaintiff did not argue to
28 either the present ALJ or the Appeals Council that the prior ALJ was biased, plaintiff's claim
of bias is not within the scope of the instant proceeding.

Second, plaintiff argues that the ALJ, at Step Three, erred in the "multiple factors equivalence determination." (See Pl's Mot. at 21:23.) At Step Three, if a claimant's impairments do not meet a "listed impairment," the ALJ considers "whether the combination of the impairments is medically equal to any listed impairment." See Lewis v. Apfel, 236 F. 3d 503, 514 (9th Cir. 2001). The claimant, however, must "specify the listing [he] believes [he] equals." See Burch v. Barnhart, 400 F. 3d 676, 683 (9th Cir. 2005). Here, the ALJ considered whether plaintiff's impairments met or equaled a number of different listings and found they did not, (see Tr. 206-07); plaintiff fails to argue any such finding was in error. Further, to the extent plaintiff may be arguing the ALJ erred in failing to consider other listings, plaintiff failed to specify to the ALJ any additional listing or listings that he believed were implicated by his impairments. Finally, to the extent plaintiff argues the ALJ should have considered plaintiff's alleged mental impairments at Step Three, plaintiff's argument is unpersuasive because, as discussed above, plaintiff failed to establish the existence of mental impairments. Under such circumstances, the Court finds the ALJ did not err at Step Three. See Burch, 400 F. 3d at 683 (holding ALJ's failure to consider equivalence not reversible error, where claimant "did not offer any theory, plausible or otherwise, as to how his impairments combined to equal a listed impairment").

Third, plaintiff argues the ALJ erred in not making "specific findings as to the impact of [p]laintiff's obesity"; plaintiff fails to identify, however, the particular finding(s) plaintiff asserts should have been made. (See Pl.'s Mot. at 22:6-7.) Further, as to the specific findings the ALJ did make as to obesity, specifically, that (1) plaintiff's "moderate obesity" is a "severe" impairment, (see Tr. 205), and (2) "the combined effects of obesity with the other impairments [do not] meet or equal[ ]" a listed impairment, (see Tr. 207), plaintiff has failed to identify any error. Accordingly, plaintiff has failed to show he is entitled to relief on this ground.

Finally, plaintiff argues the ALJ's finding, at Step Five, that plaintiff could perform the jobs of "assembler, small products," "cashier II," and "cafeteria attendant" was erroneous, because said finding was based on the opinion of a vocational expert ("VE"), who, in

rendering his opinion, was not asked by the ALJ to assume plaintiff was limited to lifting 20 pounds occasionally and 10 pounds frequently.[5]  Even if the ALJ should have included the lifting restrictions in his hypothetical question, it is apparent from the record that any error based thereon was harmless.  A person who can lift 20 pounds occasionally and lift 10 pounds frequently is, by definition, capable of performing "light" work, see 20 C.F.R. § 404.1567(b), and the VE testified that each of the three subject jobs requires "light" work. (See Tr. at 508-509 (citing Dictionary of Occupational Titles)); U.S. Dep't of Labor, Dictionary of Occupational Titles 183, 241, 694, 1013 (4th ed. 1991) (providing jobs of "assembler, small products," "cashier II," and "cafeteria attendant" require light work; defining "light work" as requiring exertion of "up to 20 pounds of force occasionally, and/or up to 10 pounds of force frequently . . . to move objects"); Pinto v. Massanari, 249 F. 3d 840, 845 (9th Cir. 2001) (holding "the best source for how a job is generally performed is the Dictionary of Occupational Titles").  Accordingly, plaintiff fails to show the ALJ erred at Step Five.[6]

## CONCLUSION

For the reasons discussed above:

1. Plaintiff's motion for summary judgment is hereby DENIED; and

2. Defendant's cross-motion for summary judgment is hereby GRANTED.

**IT IS SO ORDERED.**

Dated: October 30, 2007

MAXINE M. CHESNEY
United States District Judge

---

[5] In determining plaintiff's residual functional capacity, the ALJ found plaintiff is able to "occasionally" lift 20 pounds and "frequently" lift 10 pounds.  (See Tr. 210.)

[6] Plaintiff also argues the ALJ erred in not including, in the hypothetical posed to the VE, limitations plaintiff asserts are caused by his alleged mental impairment.  As discussed above, the ALJ did not err in finding plaintiff does not have a mental impairment, and, consequently, the ALJ did not err in not including in the hypothetical the limitations plaintiff asserts are caused by a mental impairment.  See Osenbrock v. Apfel, 240 F. 3d 1157, 1164-65 (9th Cir. 2001) (holding "it is proper for ALJ to limit a hypothetical to those impairments that are supported by substantial evidence in the record").